## BRANTLY *vs.* SWIFT.

1. A practical surveyor, who testifies that he is familiar with the peculiar marks used by the United States' surveyors in their government surveys, may give his opinion, as an expert, whether a particular line was marked by them.

Appeal from the Circuit Court of Dallas.
Tried before the Hon. Andrew B. Moore.

Trespass to try titles by Wylie Swift against John Brantly. On the trial, as appears from the bill of exceptions, the plaintiff introduced one Sample as a witness, who was the county surveyor of Dallas, and who testified, "that he discovered on the disputed boundary three lines marked on the trees several feet apart, and from forty to fifty feet from a direct line run from one corner to the other of the sections, as that line was run by the witness; neither of these three lines, as marked, extended the whole width of the section, but were seen only for about a quarter or a third of a mile, and neither of them, when run through, came out at the corner as ascertained by the filed notes of the government surveyors, or nearer to it than the width of the avenue containing the lands in dispute. Witness further stated, that he had no knowledge as to the manner, or by whom, or when these lines were run and marked. The plaintiff then asked the witness, if he was acquainted with the manner in which the United States' surveyors marked the lines run by them? He answered that he was, he had seen their marks often, and was familiar with them; that their marks were peculiar, and made with a hatchet framed for the purpose, and that no other surveyors marked lines in that way. The plaintiff then inquired, whether, from his knowledge of the manner in which the United States' surveyors usually marked lines, he believed one of the marked lines above referred to was a line run and marked by the surveyors of the United States in surveying the lands. To this question the defendant objected; but his objection was overruled by the court, and he excepted.

This exception is all that appears to have been taken in the

court below, and the ruling of the court in respect to it is here assigned for error.

J. W. LAPSLEY, for appellant.

WM. M. MURPHY, *contra.*

LIGON, J.—The only question in this case relates to the ruling of the court in reference to the question put to the witness Sample, which was objected to by the defendant. The record shows, that the witness was a practical surveyor ; that he had often traced the lines marked by the United States' surveyors, and was familiar with their marks, which were peculiar, differing from the marks or chops made by other surveyors. Here is a sufficient predicate to allow the witness, as an expert, to give an opinion, or express his belief, as to whether the line spoken of was marked by the United States' surveyors. On questions of science, persons of skill may not only speak as to facts, but are allowed to give their opinions in evidence.— 1 Phil. Ev. 290. Whether the witness who is allowed to give his opinion in evidence, is an expert, and skilled in the matter about which his opinion is desired, is a question for the court.— 2 Phil. Ev. (C. & H.'s Notes) 761.

There is no error in the record, and the judgment is affirmed.